UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ADAM E. MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00614-JRO-MJD |
| | ) | |
| LAMMER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DIRECTING ENTRY OF FINAL JUDGMENT**

Adam Martin is currently incarcerated at the U.S. Penitentiary in Terre Haute, Indiana. Dkt. 1. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his underlying criminal sentence, which was enhanced pursuant to the "three strikes" law. *See United States v. Martin, et al.*, No. 1:03-cr-250 (W.D. Tex. Sept. 16, 2003).[1]

The case is before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts (applicable to § 2241 petitions under Rule 1(b)). Under Rule 4, a petition for writ of habeas corpus must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." As explained below, upon review, it plainly appears from Martin's petition that

[1] Martin has twice previously challenged his sentence before courts in this District. *See, e.g.*, *Martin v. Caraway*, No. 2:13-cv-00177-WTL-WGH (transferred Feb. 24, 2014); *Martin v. Lammer*, No. 2:26-cv-00335-MPB-MJD (dismissed June 2, 2026).

he is not entitled to relief, and his § 2241 petition must be **dismissed for lack of jurisdiction**.

## I. BACKGROUND

In 2003, Martin was indicted for his role in several bank robberies throughout Texas in 2002 and 2003. *See Martin, et al.*, No. 1:03-cr-250, dkts. 1, 197. In 2004, he was convicted by a jury of seven counts of bank robbery and one count of attempted bank robbery and sentenced to eight concurrent life sentences under the federal "three strikes" law. *Id.*, dkts. 179, 197.

Martin appealed to the Fifth Circuit, which affirmed his conviction and sentence. *United States v. Martin*, 431 F.3d 846 (5th Cir. 2005). In January 2006, he filed a motion to vacate his sentence, which was construed as a motion to vacate, set aside, or correct under 28 U.S.C. § 2255. *Martin, et al.*, No. 1:03-cr-250, dkts. 202–204. The sentencing judge denied the motion and denied his request for certificate of appealability. *Id.*, dkts. 215, 216, 226.

Martin filed this petition on September 17, 2026, claiming his sentence is illegal because the FBI used a "ruse exception" to arrest him in March 2003 pending an investigation. Dkt. 1 at 1. He says an "FBI memorandum" shows the FBI asked the New Braunfels Police Department to arrest Martin, but he was not arraigned until February 2004. *Id.* He asserts that this ruse circumvented federal rules and violated his rights under the Fourth, Fifth, and Sixth Amendments. *Id.* at 1–2. He asks the Court to investigate this "cat's paw" arrangement, require the FBI to produce the memorandum, and order the warden to release him immediately. *Id.*

## II. DISCUSSION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge his conviction or sentence. Section § 2255(e), referred to as the "saving clause" of § 2255, "bars a federal prisoner from proceeding under § 2241 'unless . . . the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Jones v. Hendrix*, 599 U.S. 465, 469 (2023) (quoting § 2255(e)). "[A] federal prisoner may file a petition for a writ of habeas corpus under § 2241 if—and only if—§ 2255's 'remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Id.* at 471.

Moreover, if a federal prisoner has previously filed a motion under § 2255, the prisoner can seek relief via a second § 2255 motion only in one of two specific circumstances and, even then, only with permission from the appropriate court of appeals:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

This limitation on second or successive motions does not make § 2255 "'inadequate or ineffective.'" *Jones*, 599 U.S. at 469–70. Instead, § 2255 is inadequate or ineffective only under "unusual circumstances in which it is

impossible or impracticable for a prisoner to seek relief from the sentencing court," for example, if the sentencing court is dissolved. *Id.* at 474.

That is not the case here. As discussed, Martin already filed and lost a § 2255 motion in his sentencing court. He does not seek to proceed in this § 2241 petition based on a new rule of constitutional law. He does seem to suggest that he has new evidence showing his sentence is illegal in the form of an FBI memorandum. But even if there is merit in his contention, and the Court is not saying that there is, Martin may not yet bring his successive motion in this Court. He instead must first receive permission from the Fifth Circuit Court of Appeals to file a successive motion under § 2255 based on this purportedly new evidence. *See* 28 U.S.C. § 2255(h); *Jones*, 599 U.S. at 477–78 ("[T]he straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied."). Martin does not say that he received permission from the Court of Appeals to bring this successive motion, and the Fifth Circuit's docket does not show it has granted Martin authorization to proceed on a successive motion.[2]

The Court cannot grant Martin relief because he seeks to bring a successive collateral attack on his sentence without having received authorization from the appropriate Court of Appeals to do so. Without

[2] Quite the opposite, the Fifth Circuit has denied Martin's numerous requests for authorization to file a successive motion and recently barred him "from filing in this court or any court subject to its jurisdiction any challenge to his convictions and sentences" until he paid a $100 sanction. *In re Adam Eugene Martin*, No. 24-51001, dkt. 21-2 at 3 (5th Cir. Apr. 10, 2026).

authorization, this Court lacks jurisdiction to hear his successive motion. *See Agofsky v. Baysore*, 160 F.4th 857, 865 (7th Cir. 2025) (holding that the saving clause of § 2255(e) sets a jurisdictional limit). The Court must therefore dismiss the petition.

## III. CONCLUSION

For the reasons stated above, Martin's § 2241 petition is **summarily dismissed for lack of jurisdiction**.

Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 10/7/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ADAM MARTIN
39706-180
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808